Per Curiam.

The plea since the last continuance is insufficient. It does not show that the first administration was granted in Nantucket, nor that the same person was judge of probate of Nantucket and interested in the estate, when the second administration was granted. It should appear that the first letters of administration were granted in Nantucket, and that the judge for that county was interested at the time when he granted them.
The defendant has leave to amend on payment of costs since this plea was filed, and he is not to recover costs for that period, if he shall ultimately prevail. The waiver of the former pleadings by the plea puis darrein continuance, will not debar him from recovering costs from the commencement of the action, if he shall be the prevailing party.
At the November term 1830, Shaw C. J., Wilde J. and Morton J. being present, Rand requested that the order respecting costs should be varied, and he contended that if the plaintiff ultimately prevails, he is entitled to costs as well before as after the filing of the plea puis darrein continuance, but that if the defendant prevails, he recovers only the costs subsequent to the filing of the plea. Lyttleton v. Cross, 4 Barn. & Cressw. 117; 1 Archb. Pr. of K. B. 178. The plaintiff claims costs from the beginning of the action, in like manner as if there had been an issue to the country, a trial and verdict.
Fuller also desired that the order should be so altered as that the defendant should not be compelled to pay costs for the leave to amend.
Wilde J.
observed, that the practice of this Court in regard to costs proceeds upon the ground of indemnity for the delay occasioned by bad pleading.
Afterwards the original order was confirmed.
The defendant amended his plea, by averring that administration was committed to him by Isaac Coffin, then and ever *297 since judge of probate for Nantucket, and that the defendant accepted the trust; and afterwards, the estate being represented insolvent, the judge, on the 18th of September, 1823, appointed commissioners, and that Coffin, the judge of probate, presented to them a claim, which he alleged to be due from the estate to himself, which the commissioners allowed, and placed on the list of claims allowed, and that they made their report on the 8th of April, 1824 ; that Isaac Coffin, judge as aforesaid, at the time of granting the administration, was in fact and thenceforth to the present time has been and yet is interested In the estate as a creditor thereof, and that the administration so by him granted-in the county of Nantucket, and all the proceedings thereon, were and are therefore null and void.
To the plea so amended the plaintiff demurred, but at March term 1831, it was adjudged to be sufficient.[1]

 See Sigourney v. Sibley, 22 Pick. 507; S. C. 21 Pick. 101; Revised Stat. 83 § 15 ; Judge of Probate v. Tillotson, 6 N. Hamp. R. 297.